IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| JOHANNE IBSEN WOLFORD § | |
| § | |
| § | |
| § | Civil Action No. 1:26-cv-291 |
| VS. § | |
| § | |
| § | |
| GENESYS CLOUD SERVICES, INC. § | |

**DEFENDANT GENESYS CLOUD SERVICES, INC.'S NOTICE OF REMOVAL**

Defendant Genesys Cloud Services ("Defendant" or "Genesys"), by and through its undersigned counsel, files this Notice of Removal 28 U.S.C. § 1446(a), and respectfully states as follows:

**I.     INTRODUCTION**

1. On December 22, 2025, Plaintiff Johanne Ibsen Wolford ("Plaintiff") filed a state court action against Genesys. This case was docketed as Cause No. D-1-GN-25-011064; *Wolford v. Genesys Cloud Services, Inc.* in the 261st Judicial District of Travis County, Texas.

2. Genesys was served with Plaintiff's Original Petition on January 7, 2026. (*See* **Exhibit A**, Plaintiff's Original Petition and Citation).

3. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b) as it is filed within thirty days of when Genesys was served with process. *See Brown v. Demco, Inc.*, 792 F.2d 478, 481–82 (5th Cir. 1986) (notice of removal must be filed within thirty days of when first defendant is served).

4. Plaintiff's Original Petition seeks the recovery of damages in excess of $75,000. Specifically, Plaintiff "seeks monetary relief over $1,000,000." (*See* Exhibit A ¶ 3.1).

1

5. Plaintiff brings two causes of action for discrimination and retaliation pursuant to the Texas Commission on Human Rights Act against Genesys. Plaintiff seeks economic and actual damages, including past and future lost income, back wages or back pay, interest on back pay and front pay, future wages or front pay, employment benefits in the past and future, lost earnings in the past and future, lost benefits; compensatory damages; attorneys' fees and expert fees; and punitive damages. (*See* Exhibit A, Sections VI, VII, VIII, and IX).

6. These claims arise out of Plaintiff's former employment with Genesys.

## II.   Basis for Removal

7. District courts of the United States are conferred original jurisdiction over any civil matter between citizens of different states involving an amount in controversy that exceeds $75,000, exclusive of interest and costs, pursuant to 28 U.S.C. § 1332(a). Any civil action brought in a state court of which the district courts of the United States have original jurisdiction may be removed by the defendant to a district court of the United States for the district and division where the state action is pending. *See* 28 U.S.C. § 1441(a).

8. For purposes of assessing diversity of citizenship, a corporate entity is deemed to be a citizen of both the state in which it is incorporated as well as the state where it maintains its principal place of business. *See* 28 U.S.C. § 1332(c)(1).

9. Diversity jurisdiction depends upon a showing of complete diversity, which means that no plaintiff may be a citizen of the same state as one of the defendants. *See Whalen v. Carter*, 954 F.2d 1087, 1974 (5th Cir. 1992).

10. Plaintiff is an individual residing in Travis County, Texas. (*See* **Exhibit B**, Declaration of Kseniya Voznyuk ("Declaration"), ¶ 6). Thus, Plaintiff is a citizen of Texas.

11. Defendant Genesys Cloud Services, Inc. is a California corporation with its principal place of business also located in California. Therefore, Genesys is a citizen of California. (Declaration, ¶ 3).

12. Removal is appropriate because the amount in controversy, exclusive of interests and costs, exceeds $75,000. Plaintiff's Original Petition satisfies the amount in controversy requirement, as it indicates that Plaintiff seeks monetary relief over $1,000,000.

13. A defendant may remove a case within 30 days of receiving a pleading, motion, or other paper from which it may be ascertained that the case is removable. 28 U.S.C. § 1446(b)(3).

14. Genesys was served on January 7, 2026. The 30-day deadline falls on February 6, 2026. Therefore, this removal is timely.

### III.     Jurisdiction and Venue

15. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

16. Venue is proper in the Western District of Texas, Austin Division under 28 U.S.C. § 1441(a) because the action was brought and is pending in Travis County, a place embraced by the Western District of Texas and by the Austin division of this Court.

### IV.     Required Documents

17. Pursuant to 28 U.S.C. 1446(a), attached hereto as **Exhibit C** is an index and package of all pleadings, processes, orders, the state court's docket sheet, and other filings served in this action.

### V.     Required Notice

18. Pursuant to 28 U.S.C. § 1446(d), promptly after the filing of this Notice of Removal, Genesys will provide notice to Plaintiff and will file a copy of this Notice of Removal with the 261st Judicial District Court of Travis County, Texas.

**WHEREFORE**, Genesys has given notice that the matter bearing the Cause No. D-1-GN-25-011064 pending in the 261st Judicial District of the District Court of Travis County, Texas, is removed to the United States District Court for the Western District of Texas (Austin Division), and requests that this Court retain jurisdiction for all further proceedings in this matter.

Dated: February 6, 2026

.Date: February 6, 2026

Respectfully submitted,

*/s/ Benjamin T. Pendroff*
BARNES & THORNBURG LLP
Benjamin T. Pendroff, Attorney-in-Charge,
Tex Bar No. 24094893
Rachel E. Roney, Tex Bar No. 24136196;
(*Western District Admission Pending*)
2121 N. Pearl St., Suite 700
Dallas, TX 75201
Phone: (214) 258-4200
benjamin.pendroff@btlaw.com
rachel.roney@btlaw.com

**Counsel for Genesys Cloud Services, Inc.**

## **CERTIFICATE OF SERVICE**

      I certify that a copy of the foregoing was served via electronic mail and a certificate of service filed via the Court's E-Filing System on February 6, 2026 to all parties of record..

                                        */s/ Benjamin T. Pendroff*
                                        Benjamin T. Pendroff